### TIDE WATER OIL CO. v. RAILROAD COMMISSION et al.
#### No. 8202.

Court of Civil Appeals of Texas. Austin.
Nov. 7, 1934.

Rehearing Denied Nov. 28, 1934.

J. C. Wilhoit, of Houston, and Powell, Wirtz, Rauhut, & Gideon, of Austin, for appellant.

B. T. Fitzhugh, of Tyler, and D. J. Pickle, of Austin, for appellee H. M. Hale.

BAUGH, Justice.

The Tide Water Oil Company brought this suit against the Railroad Commission, H. M. Hale, Yandell Rogers, and the Overton Refining Company in the nature of an appeal from an order of the Railroad Commission granting to H. M. Hale a permit to drill three oil wells on two strips of land in Rusk county, Tex., aggregating in area about 3 acres. The grounds of attack on the validity of the Commission's order were: (1) That said lands were included in, and were a part of, a 49-acre tract and an 84-acre tract theretofore leased by Hale to the Tide Water Oil Company, and were under lease to it at the time the Commission granted Hale a permit to drill said wells thereon. (2) That if said strips of land belonged to Hale, he had voluntarily segregated same from larger tracts owned by him capable of development as a whole, and could not by so doing acquire a vested right to develop same in violation of rule 37 of the Railroad Commission. (3) That the drilling of said wells on such narrow strips of land would require appellant to drill offsets thereto, thus causing extra fire hazards and creating waste in violation of the conservation laws of the state. Failure to give notice to appellant as owner of leases on adjacent lands of the hearing at which the permits were granted was also pleaded as invalidating said order of the Commission.

This suit was filed in the district court of Travis county on June 30, 1934, and a temporary restraining order granted against the appellees as prayed for. At a hearing on July 11, 1934, the trial court denied to appellant a temporary injunction sought against appellees to enjoin them from drilling wells on said strips of land authorized by said permit, sustained appellees' plea in abatement of another suit pending in the district court of Rusk county, and ordered all other matters involved in this suit held in abeyance pending a final determination of the prior suit pending in the district court of Rusk county. From this judgment the Tide Water Oil Company has appealed.

The suit pending in Rusk county pleaded in abatement of this suit was filed on June 4, 1934, by H. M. Hale as plaintiff against the Tide Water Oil Company as defendant, in trespass to try title to the lands here in controversy. The lands involved consist of one strip 311 feet long and 20 feet wide, amounting to .118 of an acre, on which permit to drill one well was granted; and a second strip 37 feet wide at the north end, 1,600 feet long, and 124 feet wide at the south end, amounting to 2.87 acres of land on which permit for two wells was granted. The appellant owned leases on each side of both of these strips and claimed that said strips were included in its lease from Hale. Hale, on the contrary, claimed title to said strips by limitation and that same were not included in his lease to appellant.

Appellant asserts error of the trial court in sustaining said plea in abatement, in that the parties in the Rusk county suit were not the same as those in the Travis county suit; that the causes of action asserted in the two suits were not essentially the same; that the remedies available in the two suits were not essentially the same; and that before a prior suit can abate a subsequent suit in another court all of those conditions must exist, citing Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, and cases therein cited.

The general rule that in order for one suit properly brought in a court of competent jurisdiction to abate a subsequent suit, there must be a substantial identity of parties, subject-matter, and jurisdiction, is now settled. 1 Tex. Jur. §§ 76, 77, and 78, p. 106 et seq., and cases there cited. But it is likewise true that where the rights of the parties to the second suit who were not parties to the first suit are but secondary to and dependent upon the rights of the parties to the first suit, the fact that there are parties to the second suit who are not necessary parties to the first will not prevent the first suit from abating the second. Eastland County v. Davisson (Tex. Com. App.) 13 S.W.(2d) 673. In so far as the issue of title to the lands here in controversy is concerned, this exception to the general rule is applicable. Determination of the ownership of the title to said lands was clearly a judicial question beyond the jurisdiction of the Railroad Commission. Railroad Comm. v. Rau (Tex. Civ. App.) 45 S.W.(2d) 413. The permit granted by the Commission to Hale to

drill said wells was necessarily predicated upon the assumption by the Commission that Hale owned said lands. If in fact the legal title thereto, over which question the district court of Rusk county had already acquired jurisdiction to the exclusion of all other courts, were in appellant instead of in Hale, then the order of the Commission granting permits to Hale was a nullity. The Railroad Commission was not a necessary party to the title suit in Rusk county, even though the result of that suit might wholly invalidate the Commission's order. Consequently the present suit, in so far as it attacks said order on the ground that appellant owned the title to the minerals in said lands, which is its first ground of attack, was clearly abated by the prior suit pending in Rusk county.

In so far as denial to appellant of the injunction was concerned, that matter rested within the sound discretion of the trial court. If such injunction were necessary to preserve the subject-matter of the suit until final adjudication of the issue of title could be had, clearly the district court of Rusk county had authority, upon the proper showing made by appellant, to issue, and it would have been its duty to issue, such injunction, without interference from the district court of Travis county. Appellant was not, therefore, without a proper tribunal in which to preserve its rights in said property in a suit already pending in a court of competent jurisdiction to which it was already a party. That being true, there was no abuse of discretion of the Travis county district court in denying it the injunctive relief sought in that court. The same relief was equally available to it in the district court of Rusk county.

The remaining question is the attack upon the validity of the Commission's order on the grounds of lack of hearing, violation of rule 37, the creation of waste, etc., in violation of the conservation laws. Under the allegations in appellant's petition, if taken as true, absent any issue of title to said lands, appellant, under our holding in the case of Sun Oil Company v. Railroad Commission, 68 S.W.(2d) 609, would have been entitled to the injunctive relief sought. In this respect there was clearly a distinction in parties and subject-matter between the suit in Travis county and the suit in Rusk county. The district court of Rusk county had, under article 6036b, Vernon's Ann. Civ. St. (Acts 1929, 41st Leg. p.

694, c. 313, § 6), no jurisdiction to determine in a direct proceeding brought for that purpose the validity of the Commission's order. That was a matter over which the district court of Travis county alone had jurisdiction, and one to which the Commission was a necessary party. In this respect the suit in Travis county was a separate and distinct controversy from that pending in Rusk county.

But the trial court in the instant case did not dismiss appellant's attack upon said order in so far as its attack was based upon other grounds than that of title. The decree of the court merely holds these matters in abeyance until the issue of title between appellant and Hale, the permittee, is adjudicated. When that is settled, if title is found to be in Hale, then this case stands ready for trial on the validity of the Railroad Commission's order. If, on the other hand, title be finally established in appellant in the Rusk county suit, then the very order attacked becomes a nullity and nothing remains to be adjudicated in this case in Travis county.

In brief, if the Travis county district court should proceed to try the issue of the validity of the Commission's order, and after a hearing thereon strike it down, and subsequently to such trial title to said lands should be decreed by the district court of Rusk county to be in appellant, the time and labors of the Travis county district court, and the costs to both the state and the litigants, would have been expended to no purpose whatever. And the district court of Travis county should not be called upon to hear and determine the validity of a Commission order on the contingency that, dependent upon the outcome of a matter already in litigation in another court of competent jurisdiction, such determination may or may not become necessary. No such duty is imposed upon the district court of Travis county. We judicially know the added burdens imposed upon the district court of Travis county in the trial and disposition of cases in which the state or some arm of its government is a party. And an added burden should not be imposed in the trial of such issues as are here presented on the mere contingency of the outcome of another suit which may or may not render such adjudication necessary.

The judgment of the trial court will therefore be affirmed.

Affirmed.