### RAILROAD COMMISSION OF TEXAS et al. v. LAMB. No. 8037.

Court of Civil Appeals of Texas. Austin.
Feb. 20, 1935.

Rehearing Granted in Part March 13, 1935.

Jas. V. Allred, Atty. Gen., and Willis Gresham, Asst. Atty. Gen., for appellants Lon A. Smith, C. V. Terrell, and E. O. Thompson.

Dan Moody, of Austin, for appellant Magnolia Petroleum Co.

Paul A. McDermott, of Fort Worth, for appellant Sinclair-Prairie Oil Co.

T. L. Foster, of Dallas, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant Sun Oil Co.

Hornsby & Hornsby, of Austin, for appellee Sells Petroleum, Inc.

BAUGH, Justice.

This is an appeal from a temporary injunction granted by the district court of Travis county on August 25, 1933, against the Railroad Commission, its agents, etc., enjoining them from interfering with the drilling by appellee of five oil wells on four separate tracts of land in Gregg county, Tex. Appellee in six separate applications to the Railroad Commission sought permits to drill ten wells on six tracts of land in said county; all of which were refused. This suit was then brought to enjoin the commission from interfering with the drilling of any of said wells. The injunction was denied as to two of said tracts, and no complaint is made here as to that. The tracts here involved were designated as 1-A, 1-B, 2, and 4, particularly described in appellee's petition. In the application to the Railroad Commission, and in that for the injunction, three wells were sought on tract 1-A; two wells on tract 1-B; two wells on tract 2; and one well on tract 4. The injunction granted authorized appellee to drill two wells on tract 1-A; one well on tract 1-B; one well on tract 2, and the location of each of said wells on the ground was specifically designated in the court's decree. The well authorized on tract 4 was required by the court's decree to be drilled as near the center of said tract as possible.

The contentions made before the commission, and the defenses alleged on the trial hereof, by the adjacent leaseholders, were that appellee was not the owner of the title to the minerals under the lands in question, but that the leases of the adjacent leaseholders, who intervened in said suit, covered the lands in question; and, further, that to permit the drilling of wells thereon would create waste within the conservation laws, and would violate the spacing provisions of rule 37 of the Railroad Commission.

While numerous questions are raised on the appeal, particularly the sufficiency of the pleadings of appellee to warrant the granting of an injunction, and the questions of title, we deem it unnecessary, under the view we take of the case, to discuss all of these questions. The appeal has been briefed by appellee only as to tract 4. Since, however, no trial appears to have been had on the merits, we shall advert to what we deem the controlling questions.

■ The pleadings, themselves, show that there was a bona fide controversy as to who owned the title to the mineral rights in all of the lands in question; and the record indicates that the uncertainty as to such ownership of title was probably the controlling reason for the Railroad Commission's refusal to grant the permits. This without regard to the question of right of appellee to an exception to rule 37 on the grounds of vested rights. The trial court declined to hear evidence on the issue of title, on the ground that the Travis county district court had no jurisdiction to try that issue, and that this suit did not involve the title. This evidence was brought up by bills of exception. While the trial court could not properly determine the issue of title in this suit, we are of the opinion that the evidence tendered was admissible to show that there was a bona fide controversy and a reasonable doubt as to such title presented to the Railroad Commission on the question of whether or not, based upon such evidence, its order in the premises can properly be sustained.

■ ■ We have concluded that the injunction was improperly granted as to all of said tracts, for two reasons: The Railroad Commission is without power to adjudicate the question of title, where that question is made an issue before it. Railroad Commission v. Rau (Tex. Civ. App.) 45 S.W.(2d) 413; Tide Water Oil Co. v. Railroad Commission (Tex. Civ. App.) 76 S.W.(2d) 553. And where there is a bona fide controversy as to title presented to the Railroad Commission, wherein a serious doubt as to ownership of title is presented, we think it is within the discretionary power of the Railroad Commission to refuse to grant such permit until the issue of title has been determined. Their refusal to grant a permit under such circumstances does not render their order refusing it unreasonable, arbitrary, or unlawful.

We think that the injunction was improperly granted as to tracts 1-A, 1-B, and 2, for another reason: Appellee's application was for three wells on tract 1-A, said tract being 70 varas wide and 358 varas long. The trial court's injunction authorized the drilling of only two wells thereon, and undertook specifically to locate these wells on said tract at different locations from those designated in appellee's application to the commission.

■ As to tract 1-B, which was 70 varas wide and 284 varas long, his application was for two wells. The injunction granted authorized only one, and the decree undertook to specifically locate it on the ground. The same was true as to tract No. 2, which was

70 varas wide and 316 varas long. Where an order of the Railroad Commission is attacked as being unreasonable, arbitrary, and unlawful, the only jurisdiction the trial court has is to determine the validity of the order with respect to the grounds on which it is attacked. These grounds are necessarily confined to the application as presented to the Railroad Commission. The matter of the proper location of wells on the lands involved, so as to enforce the conservation laws of the state, is one vested peculiarly in the Railroad Commission as an administrative body, and one which cannot be exercised by the court. The function of the court is to determine the validity of the order of the commission as applied to the case presented to the commission. To hold otherwise would permit the substitution of the court for the commission in the administration of the conservation laws. The court manifestly has no power, under the statutes, to usurp the administrative power specifically delegated by the Legislature to the commission in that regard. We see no distinction in principle between locations for the drilling of oil wells under the conservation laws, and the power of the court to promulgate freight rates, where an order of the commission fixing such rates has been attacked in the courts. It is now well settled that the court has no power in such case to itself fix a rate which it deems just and reasonable, but is confined to a determination of whether that fixed by the commission is unjust and unreasonable; and when that has been done the power of the court terminates, and the matter reverts again to the Railroad Commission. Railroad Commission v. Uvalde Construction Co. (Tex. Civ. App.) 49 S.W.(2d) 1113, and cases there cited. This rule applies, we think, with equal force in the administration by the Railroad Commission of the conservation laws, which administration is expressly delegated to the commission by the Legislature.

▆ With reference to the well authorized on tract No. 4, being irregular in shape and consisting of .22 of an acre, the above observations equally apply. As to this tract, appellee has filed a brief, to which is attached copy of a decree of the United States District Court for the Eastern District of Texas, dated April 9, 1934, wherein there was awarded to E. A. Lamb the title and possession of fifteen-sixteenths of the minerals under this tract. The title question consequently was not adjudicated until long after the injunction herein appealed from was granted. If it be assumed, however, that the Railroad Commission was not authorized to refuse Lamb's application for a well on this tract because of the question of title, we have concluded that the application was properly denied by the commission under the facts disclosed by the record. Those facts were:

. E. W. Clements and wife leased this tract on May 11, 1933. At that time they owned to the north of and adjoining this .22-acre tract, 133⅓ acres on which they had theretofore executed an oil and gas lease on January 5, 1931. Their title to the .22-acre tract was derived from an asserted gift to Clements by one Bozman, in 1904 or 1905, at which time said tract was fenced in by Clements with his 133⅓-acre tract, to which it adjoined. Clements' title was, therefore, one of limitation, and one which had ripened into ownership long before any of the leases in question were executed. That being true, the lease of January 5, 1931, of the 133⅓-acre tract, which was capable of development as a whole, without including therein the .22-acre tract adjoining, constituted a voluntary severance on his part of said tract from his other adjoining lands. These facts bring the instant case clearly within the rule announced in Sun Oil Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 609; Humble Oil & Refining Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 622; Humble Oil & Refining Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 625; and Smith v. Stewart (Tex. Civ. App.) 68 S.W.(2d) 627. In all of which cases we held that one could not by such voluntary act create a condition which would vest in him a right to an exception to rule 37 in violation of the conservation laws of the state and the rules of the commission. No such right having been vested in Clements because of his voluntary action, none could be assigned by him to subsequent purchasers. Consequently, on these grounds appellee, Lamb, was not entitled to the injunctive relief sought and awarded by the trial court.

For the reasons stated, the temporary injunction granted by the trial court is dissolved, and the cause is remanded.

Temporary injunction dissolved; cause remanded.

### On Appellant Magnolia Petroleum Company's Motion for Rehearing

In addition to the tracts of land designated in our original opinion, appellee sought in his petition an injunction restraining the Railroad Commission from interfering with the drilling by him of certain oil wells on

other tracts described in said petition as tracts Nos. 3-A and 3-B, permits to drill which had been denied him by the commission. As to these latter named tracts, the injunctive relief sought was denied by the trial court, and no appeal prosecuted therefrom by appellee.

Upon motion of appellant Magnolia Petroleum Company, the judgment of the trial court, in so far as it denied any injunctive relief as to said tracts 3-A and 3-B, is affirmed. In all other respects, our order heretofore entered is not disturbed.

Motion granted.