**ALTGELT et al. v. TEXAS CO.**

No. 8562.

Court of Civil Appeals of Texas. Austin.

Feb. 10, 1937.

Rehearing Denied March 3, 1937.

Sanford, McElwee & Cantwell, of Jefferson, for appellants.

James H. Pipkin and Wm. K. Hall, both of Houston, for appellee.

BAUGH, Justice.

This is a rule 37 case. On December 17, 1935, the Railroad Commission granted to M. D. Altgelt, receiver, as an exception to rule 37, and over the protest of appellee, a permit to drill an oil well on two-tenths of an acre of land out of the Carlton survey in the East Texas oil field in Gregg county. The Texas Company thereupon filed this suit against Altgelt and the Railroad Commission to set aside said order on the grounds, among others, that the location of the well granted was within the boundaries of a lease owned by said company; that if not, said tract was a voluntary subdivision of same from a larger tract capable of development as a whole without the necessity of an exception to rule 37; and that the drilling of such well would cause rather than prevent waste. A. B. Foshee was subsequently permitted to intervene in said suit, the well meantime having been drilled, claiming to own same as assignee of Altgelt. Trial was to the court without a jury, said order of the Railroad Commission was set aside, production from the well enjoined, and the well ordered plugged, from which judgment this appeal is prosecuted.

The strip of land is located immediately north of and adjacent to the present Longview-Tyler highway as relocated and constructed about 1930. Its present location at the point in controversy is immediately south of the location of the old public road at this point as same existed in 1911. Prior to 1911 the contiguous lands on both sides of the highway at this point were owned by John S. Tubbs. He died intestate leaving as his only heirs A. H. Tubbs and S. J. Boles. On April 20, 1911, Boles conveyed to Tubbs all his interest in these lands "lying and being situated north of the Longview-Tyler public road, etc." In 1935, Boles leased for oil the narrow strip of land between the present location of the new highway, and where it is claimed the old highway ran in 1911. The Railroad Commission granted Altgelt, assignee of said lease, a permit to drill a well thereon as an exception to rule 37. The controversy presented in the trial court was in the main whether said well is or is not located north of the Longview-Tyler public road as same was located on April 20, 1911.

The order of the Commission was set aside by the trial court upon two grounds, as shown by the findings of fact and conclusions of law filed by the trial court: First, because the trial court found from the evidence that the well was located within the boundaries of appellee's lease; and, second, that if on a separate tract, such tract was voluntarily segregated from a larger tract by the owner in October, 1930, when rule 37 was in force and applicable to the field. The controversy here made, however, relates primarily to the first ground above stated.

The contentions made by appellants, variously stated, and to which they direct the major portion of their brief and argument, are:

1. That there was necessarily involved the title to the land on which the well was located; that the Railroad Commission had no jurisdiction to determine the question of title; and that on appeal from the order granting said permit, the district court of Travis county acquired no jurisdiction to try that issue.

2. That there being a bona fide controversy before the commission on the issue of title, and there being substantial evidence before the commission to sustain its order, "the trial court erred in attempting to retry the question of title and to substitute his discretion for that of the Railroad Commission, etc." (The quoted portion is copied from appellants' second proposition).

3. That the trial court's finding on the question of title is against the greater weight and preponderance of the evidence.

It is manifest, we think, that the first two contentions above are inconsistent in that the first is that the commission had no power to determine the title question; and the second is predicated upon the assumption that it did have such power and had exercised it, and that therefore the trial court should not overturn the commission's finding that title was in appellee, because there was substantial evidence before the commission to support such finding.

■ It is settled law that the Railroad Commission cannot adjudicate the question of title to property on which a permit is sought, even though the validity of its order granting a permit may be dependent upon that question. Railroad Comm. v. Rau (Tex.Civ.App.) 45 S.W.(2d) 413; Railroad Comm. v. Lamb (Tex.Civ.App.) 81 S.W.(2d) 161. Where a bona fide title or boundary question is raised before the commission as to ownership of the land involved, the proper order for the commission is to deny the permit, or withhold action on it, until that question is removed either by agreement of the parties or by adjudication in a court of competent jurisdiction, as it did in the case of Railroad Comm. v. Lamb, supra. The discretion which the Railroad Commission is empowered to exercise, and which the courts have uniformly upheld where it is shown that there was evidence before the commission to support its exercise thereof, is confined to the sphere of the powers delegated to it—in the instant case to the administration of the conservation laws. Manifestly that discretion cannot be extended to matters not delegated to the commission and over which it has no jurisdiction. And if its orders find support only in matters which it has no power to determine they cannot, of course, be sustained.

■ It is likewise now settled that the district court of Travis county has exclusive jurisdiction to determine the validity of the Railroad Commission's order in such cases. Alpha Pet. Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 372; Ex parte Lee (Tex.Sup.) 93 S.W.(2d) 720, 724. But in doing so the inquiry of the trial court is not confined exclusively to a determination of whether the commission has acted unjustly, unreasonably, or arbitrarily, as regards the conservation laws. Obviously the trial court has the power to determine whether the commission has exceeded its delegated powers, and whether it had jurisdiction to ascertain and determine the facts upon which its order is predicated. It is a self-evident proposition that the commission has no power to issue permit to an applicant to drill a well on land that he neither owns nor has a lease on.

■ It is also true that the proper venue of a title suit is in the county where the land involved is situated. But this is not a suit in trespass to try title. No such relief was sought in the instant case. It is an attack upon the validity of the Railroad Commission's order. No suit involving title to the land in question was pending in Gregg county, as was true in the case of Tide Water Oil Co. v. Railroad Comm. (Tex.Civ.App.) 76 S.W.(2d) 553. No plea of privilege was filed to have such issue determined in Gregg county, Tex. Nor do we think the trial court's judgment here necessarily constitutes res adjudicata of the title to said land for the reason that the fee owners through whom the parties hereto deraign title to the minerals only were not parties to this suit. Regardless of that, however, the trial court, as stated in Ex parte Lee, supra, had potential jurisdiction to determine such issue, if the question of venue be waived. We find nothing in the provisions of section 8, art. 6049c, Vernon's Ann.Tex. Civ.Stats., limiting the district court of Travis county as to what it shall consider in passing on the validity of the Commission's order. Exclusive jurisdiction is given to such district courts "to test the validity" of such order of the commission. And since such validity can be determined in no other forum, the Travis county district court is by necessary implication authorized to determine the question of title to the minerals involved, if that be necessary to determine the validity vel non of the commission's order. Especially is this true where such title issue is not in litigation elsewhere, and no privilege is properly pleaded by any of the parties at interest to have that issue determined elsewhere. And when it becomes necessary for the trial court to determine that issue of fact in testing the validity of the commission's order his findings thereon, based upon conflicting evidence, should be governed by the same rules as findings of fact made in any other suit. In the instant case, without reviewing the evidence here, suffice it to say that there was ample testimony to sustain the court's finding that the well in question was located north of the old Longview-Tyler road as same existed in 1911, and consequently within the boundaries of appellee's lease.

■■ The next question presented by appellants asserts error of the trial court in overruling intervener's pleas in abatement wherein he urged that appellants' attack upon the Railroad Commission's order was an attempt to try title to land situated in Gregg county, and that the dis-

trict court of Travis county had no jurisdiction to hear and determine such issue. While article 1995, subd. 14, provides that suits to recover lands or damages thereto must be brought in the county where such land is situated, it is now settled that this provision is one of venue and not of jurisdiction. Lewright v. Reese (Tex.Civ. App.) 223 S.W. 270; Jackson v. First Nat. Bank (Tex.Civ.App.) 290 S.W. 276; Lanier v. Looney (Tex.Civ.App.) 2 S.W.(2d) 347 (writ ref.); Nelson v. Thompson (Tex. Civ.App.) 64 S.W.(2d) 373; 43 Tex.Jur. p. 710, § 6. Being a venue statute it may be waived; and unless the party claiming it asserts his rights to be sued in the county where such land is situated by a proper plea to the venue where laid, he will be held to have waived it. No objection to the venue of this suit is made either by the Railroad Commission, which has not appealed, nor by Altgelt, the other original defendant. It is raised by Foshee, the intervener, only. It may be seriously doubted whether he, having voluntarily intervened after the suit was filed, has any right to object to the venue. However that may be, it seems now settled since the enactment of articles 2007 and 2008, R.S.1925, that where the venue of a suit is improperly laid, the remedy of the party asserting it is not by abatement of the suit but by a proper plea to have it removed to the county where such venue would properly lie. Lanier v. Looney, supra; 1 Tex.Jur. § 93, p. 128.

Appellant A. B. Foshee complains of the action of the trial court in overruling his plea in abatement, and failure to dismiss said suit, on the ground that E. P. Harding and W. W. Bradley owned an interest in said well and that their interests would be materially affected by the decree of the court. Neither Bradley nor Harding joined Foshee in his plea of intervention. Nor does the record show what if any interest in the well they had. The assignment to Foshee does not name them. The only information furnished the court was the allegation of Foshee that the suit should be abated and dismissed because "the rights of John W. Taylor have passed to and are now owned by A. B. Foshee, E. P. Harding and W. W. Bradley; that any order entered in this case will materially affect the interest of said parties so that no decree should be entered by this court without his presence." Such plea does not state the character nor extent of the interests of Harding or Bradley; nor does it state their residence; nor does it state any definite facts on which such interest in the property is based. All these matters have been held to be necessary to a proper plea in abatement setting up nonjoinder of necessary parties. State v. Goodnight, 70 Tex. 682, 11 S.W. 119; Price v. Wakeham, 48 Tex.Civ.App. 339, 107 S.W. 132; Orange Mill-Supply Co. v. Goodman (Tex.Civ.App.) 56 S.W. 700 (writ ref.); 1 Tex.Jur. § 109, p. 152. Under these authorities the plea offered was insufficient and the trial court did not err in overruling it. Whatever interest Harding and Bradley had in the well in question, so far as the record shows, appears to have been held in the name of Foshee. It will be presumed, therefore, that he held such interest in trust for them. The character of such trust not being shown, it will also be presumed that he was authorized to prosecute or defend suits affecting their interests, if any they had. Schuster v. Crawford (Tex.Civ. App.) 199 S.W. 327; Aldridge v. Pardee, 24 Tex.Civ.App. 254, 60 S.W. 789.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.