## SHELL PETROLEUM CORPORATION et al. v. RAILROAD COMMISSION OF TEXAS et al.*

### No. 8783.

Court of Civil Appeals of Texas. Austin.

Sept. 28, 1938.

Rehearing Denied Oct. 26, 1938.

R. H. Whilden, of Houston, Tilley & Tocker, of Dallas, and Greenwood, Moody & Robertson, of Austin, for appellants.

Wm. McCraw, Atty. Gen., and Charles D. Rutta, Asst. Atty. Gen. (Harry S. Pollard, of Austin, of counsel), for appellee Railroad Commission of Texas.

Hurst, Leak & Burke, of Longview, for appellee R. M. Wood.

BLAIR, Justice.

The Railroad Commission granted appellee, R. M. Wood, a permit to drill an oil well on a 1-acre tract of land in Gregg County, as an exception to the general spacing provisions of the East Texas Rule 37. Separate suits were filed ,by appellants, Shell Petroleum Company and Rowan & Nichols Oil Company, as appeals from the order granting the permit, which suits were consolidated, and Amerada Petroleum Company intervened. The final judgment sustained the permit.

Appellants attack the judgment upon the ground that the permit is illegal, unjust, and unreasonable, because there was an alleged bona fide dispute as to appellee's title to the 1-acre tract of land· at the time the Commission granted the permit to drill the well and at the time of the trial below. The Shell and Rowan & Nichols each claimed at the hearings before the Commission that each owned the 1-acre tract of land in question, and each plead in the trial court that each owned the tract, but each also plead in the alternative that the other owned the 1-acre tract. Shell plead that it owned the mineral leasehold estate in the tract. Rowan & Nichols alleged that it held not only the record title to the 1-acre tract, but also limitation title thereto under the 5-year statute of limitation through open, adverse possession. Each of these appellants also expressly plead that each did not seek in this suit an adjudication of the title to the 1-acre tract, but merely presented the contention for the purpose of showing that they claimed, at the hearings before the Commission on the well permit, that there was a bona fide dispute as to appellee's title; and that therefore the Commission had no authority to grant the permit to appellee to drill the

*For order construing judgment see 120 S.W.2d 560.

well. The permit was granted after notice and hearing on December 18, 1936, and reaffirmed on rehearing March 4, 1937, and the judgment herein appealed from was rendered February 24, 1938. At the time of the trial neither Shell nor Rowan & Nichols had instituted any suit to try the title to the 1-acre tract of land. The Commission moved to abate this suit until the title question could be settled. Appellants contested the motions, and the plea to abate was overruled. The evidence before the Commission and before the trial court showed that appellee held the record title to the 1-acre tract and was in possession and at the time of the trial had drilled the well under the permit and was producing oil therefrom. The trial court found that there was some evidence before the Commission and the court which tended to support the claims of title of appellants; that the court did not determine the title dispute thus raised by the pleadings and the evidence, but concluded that notwithstanding the bona fide title dispute, the Commission had the legal right and authority to grant the permit, and accordingly sustained it.

We have reached the conclusion that since the record title to the 1-acre tract was in appellee Wood and he was in possession at the time of the hearings of his permit to drill the oil well, and that he has under authority of the permit drilled the well and is producing oil therefrom, the bare assertion of Shell and Rowan & Nichols that each has title, or that the other does, neither having for a period of nearly two years since the permit was sought brought any suit to try such title, and each having expressly plead in this proceeding that the adjudication of the title dispute was not desired, does not constitute such a bona fide title dispute in good faith as to the 1-acre tract of land as would deprive the Commission of its discretionary power to grant the permit. Tide Water Oil Co. v. Railroad Commission, Tex.Civ.App., 76 S.W.2d 553; Railroad Commission v. Lamb, Tex.Civ. App., 81 S.W.2d 161. It is a matter of common knowledge, which courts have universally recognized, that in dealing with oil and gas property it requires large sums of money to discover and reduce same to possession; that such property is fugitive in nature and subject to drainage under the laws of gravity, the laws of reservoir pressure, and by producing wells on adjacent property. The undisputed evidence show-

ed that the 1-acre tract is now and has been for several years drained by wells on adjacent property of appellants. The injustice, therefore, is obvious of permitting one holding such bare asserted right of ownership in such property to voluntarily wait until the holder of the record title in possession has applied for and obtained a permit to drill an oil well and has drilled and is producing oil therefrom, and to then merely assert such bare claim of title, not for the purpose of determining the title issue, but to deny the record owner in possession the use of the land.

We know of no rule which would require one holding the record title and in possession of property to bring suit to establish his title against one who asserts a bare claim thereto, before he would be entitled to develop same for oil under the conservation laws of Texas. If such were the rule, then the record owner and possessor of property would be burdened with the duty of bringing suit to establish his title before he could use it for oil purposes. We therefore conclude that the bare assertion of title by appellants under the facts and circumstances detailed does not constitute a bona fide dispute in good faith. T. P. Nash et al. v. Shell Petroleum Corporation, Tex. Civ.App., 120 S.W.2d 522.

Nor do we sustain the contention of appellants that the 1-acre tract was segregated from a larger 100-acre tract under circumstances constituting a "voluntary subdivision" inhibited by the rule of the Commission and the court decisions. The segregation, if it can be so designated, of the 1-acre tract in question occurred in 1918, or in November, 1928, which last date was more than two years before the discovery of oil in the East Texas Oil Field where the land is situated. The facts show that in 1917, appellee Wood acquired title to 100 acres of land which included the 1-acre tract. In 1918, appellee conveyed by deed the fee simple title to approximately 56.1 acres of the 100 acres, which was described by course and distance and did not include the 1-acre tract. Wood reacquired title in fee to the 56.1-acre tract, and in 1928 conveyed it in fee by the same description to R. L. Bassham, who executed a mineral lease by the same field notes, which did not include the 1-acre tract. This 1-acre tract has never been sold by appellee Wood since he purchased it as a part of the 100-acre tract in

1917, and he still owns the record fee title to it. Shell Petroleum Co. v. Railroad Commission, Tex.Civ.App., 116 S.W.2d 439.

The judgment of the trial court is affirmed.

Affirmed.