## SHELL PETROLEUM CORPORATION v. RAILROAD COMMISSION et al.

### No. 8862.

Court of Civil Appeals of Texas. Austin.

Sept. 27, 1939.

Rehearing Denied in Part Nov. 1, 1939.

A. E. Groff and R. H. Whilden, both of Houston, and Greenwood, Moody & Robertson, of Austin, for appellant.

Gerald C. Mann, Atty. Gen., and Durward D. Mahon, Asst. Atty. Gen., for appellee Railroad Commission.

No briefs filed for other appellees.

BAUGH, Justice.

This is a Rule 37 case. Decision herein has been withheld pending disposition by the Supreme Court of the case of Gulf Land Co. v. Atlantic Refining Co. See 131 S.W.2d 73.

The trial court upheld a permit granted by the Commission to Mrs. Whitehead on March 17, 1938, to drill a well on a narrow strip of land in Gregg County, Texas (339½ varas long, 16.11 varas wide at the north end, and 11.66 varas wide at the south end), containing .835 of an acre, as an exception to Rule 37 to prevent confiscation of property. The Shell, which protested the granting of the permit and brought suit to set it aside and for injunction, has appealed.

The grounds of the Shell's protest were:

1st: That the strip of land involved was included within the boundaries of the Shell's lease; or, at least, that there was a bona fide dispute as to title;

2nd: That, if not within the Shell lease, it was a voluntary subdivision by the owner from a larger tract capable of development as a whole without an exception to Rule 37, after that Rule became applicable to this area;

3rd: That the well was not necessary either to prevent waste or to prevent confiscation of property.

On September 11, 1930, John Douglas and his children leased to S. S. Laird 227 acres of land, which lease was subsequently assigned to the Shell. Along part of the west side of this leasehold was a lane, fenced on both sides, used for road purposes. In December, 1937, Mrs. Whitehead obtained from the purported heirs of John Douglas (he having died since the execution of the original lease) a quitclaim deed to the strip constituting this lane and being land here involved, on the theory that it was outside of the field note calls in the original John Douglas lease; and that John Douglas had acquired a limitation title thereto.

Without setting out the evidence here, it was clearly sufficient, we think, to sustain a finding that the east half of the strip of land here involved was within the boundaries of the Shell lease, and to that extent, in any event, a bona fide title dispute was presented. But the trial court held that the Shell, in its amended petition, waived its right to have the title question adjudicated; and apparently did not pass upon the contention, which was not waived in said pleading, that there was presented before the Commission and to the trial court, sufficient evidence to show that there was a bona fide dispute as to the land involved. In such situation this court has held that the Commission should either deny the permit or hold the application therefor in abeyance until the title question is adjudicated in a court of competent jurisdiction, or removed by agreement of the parties. Railroad Comn. v. Lamb, Tex.Civ. App., 81 S.W.2d 161; Altgelt v. Texas Co., Tex.Civ.App., 101 S.W.2d 1104. Proper venue in such title suit would, of course, lie in Gregg County.

Regardless of this, however, and assuming that Douglas owned the land in controversy, we think the record presents a clear case of a voluntary subdivision by the original fee owner in his lease to Laird on September 11, 1930, now owned by the Shell, of this narrow strip of land which could not be developed for oil without an exception to Rule 37, from a larger tract capable of development as a whole without the necessity of such exception; and that the granting of the permit here involved constituted a violation by the Commission of its own amendment of May 29, 1934, to Rule 37 wherein by general order it expressly denied to the owner or leaseholder of any subdivision of land which would require an exception to spacing provisions of Rule 37 to develop it, any right to such an exception to prevent confiscation of property. This May 29, 1934, amendment is set out, fully discussed, and applied by the Supreme Court in Gulf Land Co. v. Atlantic Refining Co., 131 S.W.2d 73, and need not be further noticed here.

The Railroad Commission (Mrs. Whitehead has filed no brief herein) urges that when the original lease was executed, the area here involved was not proven territory, and that the rule announced against

voluntary subdivisions in Sun Oil Company v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 609, and in cases reported therein, pages 609 to 625, and repeatedly reaffirmed since and approved by the Supreme Court, does not apply in instances where subdivisions were made prior to the time the field was proven to be oil producing territory; citing in support of this contention Nash v. Shell Pet. Corp., Tex.Civ. App., 120 S.W.2d 522, and Shell Pet. Corp. v. Railroad Comn., Tex.Civ.App., 120 S.W. 2d 526. These cases present instances where there was a conveyance of the fee title to the land involved prior to the discovery of oil in the vicinity of the land. There was nothing in those cases to show that such conveyances were for the purposes of, or in contemplation of, oil development. Manifestly such was not the purpose of such conveyances. But where lands are leased expressly for the purposes of oil development, an entirely different situation is presented. In the latter instance, whether the lease be in proven territory or not, the conservation laws become applicable to the subsequent development thereof; and the rights of the parties become referable to the rules and regulations of the Commission governing the development of the property which the lessor himself contemplated and which he required of the lessee. Nash v. Shell Pet. Corp., supra. Under these circumstances, application of the provisions of the rule, as a conservation measure, is as essential in a given area before the discovery of oil as it would be after such discovery.

Nor can the permit be sustained under the Century case (Railroad Comn. v. Magnolia Pet. Co., 130 Tex. 484, 109 S. W.2d 967), as urged by the Commission, on the ground that if the larger tract (the leasehold on which was owned by the Shell) and the small tract (owned by Mrs. Whitehead, assuming that she did own it, a controverted issue) · be taken together and treated as one tract, the combined tracts would have been entitled to an additional well thereon in order to give the larger tract parity of development as compared with tracts surrounding and adjacent to such combined area. This for the reason that not only did the Shell, as owner of the larger leasehold from which the strip involved was segregated, not seek an additional well, but has continuously protested and opposed the drilling of the additional well. Not only is this true, but it is not controverted but that if the permit had been applied for on that basis, the required notices were not given to all owners of leaseholds on lands adjacent to such combined tract, who were interested parties. And it affirmatively appears that in the hearings before the Commission on the application, the inquiry was confined entirely to a ·consideration of the segregated strip as a separate tract, and whether it was entitled to a well to protect it from confiscation, and the order of the Commission so shows. After reiterating the rule laid down in the Century case, the Supreme Court in Gulf Land Co. v. Atlantic Refining Co., supra, uses the following significant language [131 S.W.2d 84]: "Such rule, however, cannot mean that the district court can determine a material controverted fact question which was not passed on at all by the Commission in order to sustain a Commission order."

Not only was this fact question—i. e., whether the combined tracts treated as one tract, would have been entitled to an additional well to give it parity of production with surrounding tracts—not passed on by the Commission, but that question was not even considered by the Commission.

The same is true with reference to the issue of waste. That is, whether the permit can be sustained on the ground that it was necessary to prevent waste. The Commission did not grant the permit on that ground. In the trial court substantial evidence was introduced to show not only that this well was not necessary to prevent waste, but that it would tend to cause waste. In brief, that was a controverted fact issue on which the Commission made no finding, and under the express holding of the Supreme Court in the Gulf Land Company case, supra, where, as here, the Commission made a specific finding on the confiscation issue only, it cannot be presumed in support of its order that the Commission did find that such well was necessary to prevent waste.

The trial court having rendered judgment for the defendants upon their motion therefor at the close of the plaintiff's evidence, its judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

On Railroad Commission's Motion for Rehearing.

In a motion for rehearing the Attorney General on behalf of the Railroad Commission urgently insists that our holding

that a bona fide title dispute was presented to the Commission, and that it should have withheld such permit until that issue were settled, is in conflict with, or inconsistent with, our holdings in Nash v. Shell Pet. Corp., Tex.Civ.App., 120 S.W.2d 522; and Shell Pet. Corp. v. Railroad Commission, Tex.Civ.App., 120 S.W.2d 526.

The facts in the cases cited and in the instant case are so nearly similar that confusion might readily result from the discussion of that issue in the instant case. We made it clear, however, in our original opinion, that our decision was not grounded upon the title dispute asserted. And in order that there may be no confusion arising from the matters complained of by the Attorney General, that portion of our opinion wherein the title dispute issue was discussed is withdrawn and may be wholly disregarded; and our reversal based entirely upon the other grounds stated.

To this extent the motion is granted. In all other respects it is overruled.

Granted in part and in part overruled.