**RAILROAD COMMISSION OF TEXAS et al., Appellants,**

v.

**M. D. RICHARDS, Appellee.**

No. 10778.

Court of Civil Appeals of Texas.

Austin.

June 1, 1960.

Rehearing Denied June 22, 1960.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., John Wildenthal, Jr., Linward Shivers, Asst. Attys. Gen., Powell, Rauhut, McGinnis, Reavley & Lochridge, Frank Douglass, Austin, for appellants.

Black & Stayton, Austin, for appellee.

HUGHES, Justice.

This is a Rule 37 case. The Railroad Commission of Texas denied M. D. Richards, appellee, a permit to drill a well for oil and gas on his two-acre Roger Baird lease in the Poesta Creek field in Bee County. Richards appealed to the Court below which, after trial, set aside the order of the Commission and authorized the well to be

drilled upon the two-acre tract at a point to be designated by the Commission.

The controlling facts are without dispute. They follow:

On September 8, 1948, Olevia C. Collins et al. conveyed to Roger Baird et ux. a 50-acre tract of land in the John Ryan Survey in Bee County.

The two acres on which appellee Richards seeks to drill a well are a part of this 50-acre tract.

On December 6, 1948, Roger Baird et ux. executed an oil and gas lease covering the entire 50-acre tract. The primary term of this lease was ten years, however it was released by an assignee of the original lessee on December 31, 1954.

On January 6, 1950, Roger Baird et ux. conveyed the 50-acre tract to Francis Baird.

On April 24, 1951, Francis Baird conveyed 40 acres of the 50-acre tract to C. F. Baird.

On December 17, 1952, Francis Baird conveyed the 10 acres reserved by her in the preceding deed to Roger Baird.

On April 12, 1954, Roger Baird conveyed 8 of the 10 acres owned by him to L. B. Patterson.

On October 7, 1958, Roger Baird et ux. executed an oil and gas lease on the two-acre tract to appellee, M. D. Richards.

It is on this two-acre lease that appellee sought and was granted by the Trial Court the right to drill for oil and gas.

The 50-acre tract lies within what is now known as Poesta Creek field in Bee County. The discovery well in this field, Hancock and Young No. 1, Klipstein, was completed as a gas producer on December 4, 1951. It is located approximately 4,800' north of the 50-acre tract.

On March 18, 1953, the Appell Petroleum Corporation completed its No. 1 Frank W. Jones as a gas producer. Its location is approximately 4,700' north of the 50-acre tract.

The Michel T. Halbouty No. 2, Rosa E. Borroum was completed December 3, 1955, and the Fitzpatrick Drilling Company No. 3-T Amos G. Welder was completed December 14, 1955. Subsequently there have been completed 28 wells in this field which produce from nine different reservoirs.

The original spacing rule for the Poesta Creek field was 330'–933', with 20-acre units. On December 6, 1955, the spacing rule for this field (2,650' Gas sand) became 466'–933', with 320-acre units.

Prior to the time appellee obtained his two-acre lease from Roger Baird, the remaining 48 acres of the 50-acre tract had been pooled with the Michel T. Halbouty—Odem—Patterson Unit on which unit there is production.

▬ It is our opinion that the oil and gas conservation rules and laws, particularly Rule 37, became applicable to the 50-acre tract and its subsequent development when it was leased for oil and gas purposes on December 6, 1948, by Roger Baird et ux. Since at such time and at all subsequent times thereto a two-acre tract created by dividing a larger tract was and is not entitled to separate development under the rules of the Commission, it is our opinion that appellee's application to drill on such two-acre subdivided tract was, as a matter of law, properly denied by the Commission. Stewart v. Smith, 126 Tex. 292, 83 S.W.2d 945.

Our conclusion that the 50-acre tract became amenable to the conservation laws and rules when it was leased for oil and gas purposes on December 6, 1948, is compelled by the prior decision of this Court in Shell Petroleum Corporation v. Railroad Commission, Tex.Civ.App., 133 S.W.2d 194, in which the Supreme Court refused a writ of error. By this action, the Supreme Court approved all the language in that opinion as a correct statement of the law. City of Houston v. Campbell, 154 Tex. 448,

279 S.W.2d 308. We quote from the Shell opinion [133 S.W.2d 195]:

" * * * we think the record presents a clear case of a voluntary subdivision by the original fee owner in his lease to Laird on September 11, 1930, now owned by the Shell, of this narrow strip of land which could not be developed for oil without an exception to Rule 37, from a larger tract capable of development as a whole without the necessity of such exception; and that the granting of the permit here involved constituted a violation by the Commission of its own amendment of May 29, 1934, to Rule 37 wherein by general order it expressly denied to the owner or leaseholder of any subdivision of land which would require an exception to spacing provisions of Rule 37 to develop it, any right to such an exception to prevent confiscation of property. This May 29, 1934, amendment is set out, fully discussed, and applied by the Supreme Court in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, and need not be further noticed here.

"The Railroad Commission (Mrs. Whitehead has filed no brief herein) urges that when the original lease was executed, the area here involved was not proven territory, and that the rule announced against voluntary subdivisions in Sun Oil Company v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 609, and in cases reported therein, pages 609 to 625, and repeatedly reaffirmed since and approved by the Supreme Court, does not apply in instances where subdivisions were made prior to the time the field was proven to be oil producing territory; citing in support of this contention Nash v. Shell Pet. Corp., Tex.Civ.App., 120 S.W.2d 522, and Shell Pet. Corp. v. Railroad Comm., Tex.Civ.App., 120 S.W.2d 526. These cases present instances where there was a conveyance of the fee title to the land involved prior to the discovery of oil in the vicinity of the land. There was nothing in those cases to show that such conveyances were for the purposes of, or in contemplation of, oil development. Manifestly such was not the purpose of such conveyances. But where lands are leased expressly for the purposes of oil development, an entirely different situation is presented. In the latter instance, whether the lease be in proven territory or not, the conservation laws become applicable to the subsequent development thereof; and the rights of the parties become referable to the rules and regulations of the Commission governing the development of the property which the lessor himself contemplated and which he required of the lessee. Nash v. Shell Pet. Corp., supra. Under these circumstances, application of the provisions of the rule, as a conservation measure, is as essential in a given area before the discovery of oil as it would be after such discovery."

The only distinction between the facts of that case and this case is that there the illegal subdivision was made when the original lease was executed, while here the subdivision was made afterwards.

If Baird had leased only 48 acres in 1948, leaving the Richards two acres, the situation would be identical with the one presented in Shell, supra. If there is any substantial difference between the two fact situations requiring the application of different rules, it would seem more logical to us to hold that a portion of a tract not included in a lease by the tract owner and not located in proven territory would not be subject to the conservation rules than to hold, as appellee would have us hold, that all the acreage of a tract leased in its entirety is not subject to such conservation rules so as to prevent its subsequent subdivision into tracts smaller than a legal drilling unit.

In Shell it was held that land not leased was subject to the conservation laws be-

cause adjacent land was leased, even in unproven territory.

Here we only hold that leased land in unproven territory is subject to the conservation laws and rules.

Our decision, it seems to us, is not an extension of the law of Shell, but rather is an application of it to facts clearly, or perhaps more clearly, within the purview of the principle there stated.

It is our opinion that the Commission properly denied appellee's application for a drilling permit on his two-acre lease. Accordingly, we reverse the judgment of the Trial Court and render judgment that appellee take nothing by reason of his appeal from the order of the Commission denying his application for a permit.

Reversed and rendered.