## HUMBLE OIL & REFINING CO. v. LASSETER et al.

### No. 8627.

Court of Civil Appeals of Texas. Austin.

May 4, 1938.

Rehearing Denied Oct. 26, 1938.

R. E. Seagler, Rex G. Baker, and Powell, Wirtz, Rauhut & Gideon, all of Houston, for appellant.

Willis E. Gresham, of Austin, and Lasseter, Simpson & Spruiell, of Tyler, for appellees.

McCLENDON, Chief Justice.

This is a Rule 37 case. The appeal is from an interlocutory order refusing a temporary injunction restraining the drilling of and production from an oil well upon a 1.41-acre subdivision of a 32.45-acre oil lease in the East Texas Oil field, in a suit by the Humble to set aside an order of the Commission granting a permit to Lasseter to drill the well.

■ The permit was granted "to protect vested rights"; and the hearing upon the application for temporary injunction was confined to the issue of Lasseter's right to drill the well upon the 1.41-acre tract independently of the 32.45-acre tract from which it had been segregated; the Humble taking the view that the segregation was a voluntary one and therefore no vested rights were involved; and Lasseter, on the other hand, contending that the segregation was involuntary since it was the result of a court action in partition, although begun and concluded subsequently to the application of Rule 37 to the East Texas field. Under the doctrine repeatedly announced by this court, the segregation was clearly voluntary. However, since the appeal is from an interlocutory order only, and since we are holding upon another ground that the trial judge did not abuse his discretion in refusing the temporary injunction, we pretermit detailed discussion of the voluntary segregation issue.

We regard the appeal as ruled by the recent holding of the Commission of Appeals in its adopted opinion in the Century case (Railroad . Commission v. Magnolia Pet. Co., 109 S.W.2d 967). While that opinion announced no general rule applicable to this class of cases at variance with those previously announced by .this court, its holding did make an application of those general rules to voluntary segregations at variance with the previous applications of this court in its majority holdings. If we correctly construe the Century opinion, its pertinent holding may be stated substantially as follows:

■ .Where, independently of the voluntary segregation, the larger tract, including the segregated tract, is entitled. to an additional well in order to protect the vested rights of the owners of such larger tract to recover their fair share of the oil thereunder in place, the permit to drill on the segregated tract will be upheld. And this, although the application be made to drill only upon the voluntarily segregated tract and only by the owners of that tract, and be contested by the owners of the remaining portion of the larger tract.

■ Since the orders of the Commission prima facie import verity, the general well recognized rule applies that the burden of proof rests upon one attacking a permit granted to drill on a voluntarily segregated tract to protect vested rights to show that, as applied to the entire tract as it existed before the segregation, the well was not warranted as a protection to vested rights.

Since this issue was not developed at the hearing, the burden resting upon the Humble was not met, and the trial judge did not abuse his discretion in denying the temporary relief.

The order appealed from is affirmed.

Affirmed.