## RAILROAD COMMISSION et al. v. MAGNOLIA PETROLEUM CO.

No. 8683.

Court of Civil Appeals of Texas. Austin.

Jan. 25, 1939.

Motions for Rehearing Overruled Feb. 22, 1939.

Wm. McCraw, Atty. Gen., and Chas. D. Rutta, Asst. Atty. Gen., for Railroad Commission. .

Prentice Wilson, J. W. Hassell, and J. W. Hassell, Jr., all of Dallas, for other appellants.

W. H. Francis and Walace Hawkins, both of Dallas, and Dan Moody, of Austin, for appellee.

McCLENDON, Chief Justice.

This is a rule 37 case. The appeal is from a final judgment setting aside an order of the Commission which granted to Greer a permit to drill a well upon the Herman Castleberry .86-acre tract in the East Texas oil field as an exception to rule 37, "to prevent confiscation of property." The judgment also enjoined production from the well and ordered it plugged.

The .86-acre tract is located in the S. E. corner of the Tommie Christian 25-acre tract and is bounded on the E. and S. by the Acey Christian 62-acre tract. The situation of these tracts and the oil development thereon and on adjacent tracts

is shown on the following map. The heavy exterior line delineates an area, surrounding the 25-acre tract, eight times the area of that tract. The acreage given on the map for the two tracts is 26 and 64 respectively, instead of 25 and 62.

At the time oil was discovered in the East Texas field the Tommie and Acey Christian tracts constituted a single tract owned in undivided interests by the heirs of Susan Christian and others. Shortly thereafter a partition was made between the co-owners in which the 62-acre tract was set aside jointly to the co-owners other than the Susan Christian heirs, and the 25 acres jointly to the heirs of Susan Christian. Herman Christian was an heir of Susan, his interest in the estate being one forty-fourth. However, he had been absent from the state many years and was thought dead by his relatives. He was not a party to the partition agreement, but his interest was recognized and his interest in the 87 acres was set aside to him in the 25-acre tract. An oil and gas lease was executed by the Acey Christian tract owners covering that tract, which lease was acquired by the Magnolia Petroleum Company. A similar lease covering the 25-acre tract was executed in favor of the Margay Oil Company by all the heirs of Susan Christian except Herman. This lease recognized Herman's interest in the bonus and royalties. Later Herman appeared on the scene, refused to recognize the lease to the Margay, executed a lease in favor of Hunter, and brought a suit (Hunter joining) against the other heirs of Susan and the Margay to partition the 25-acre tract. Neither the Magnolia nor any of those to whom the 62 acres had been partitioned were parties to this suit. We should state at this point that this suit, in which Herman sought to have set aside to him out of the 25-acre tract, his entire interest in the 87 acres, constituted a ratification on his part of the original partition, and thereby he became bound by it just as though he had been a party to it. His rights in this litigation are in no way affected by the fact that prior to the partition and his ratification thereof he owned an undivided interest in the entire 87 acres. Herman's partition suit resulted in an agreed judgment whereby there was set aside to him and Hunter the .86-acre tract. The Hunter lease was later acquired by Greer who obtained the permit in suit.

Much of appellants' briefs is devoted to the assertion that partition in kind is a vested right, and therefore Herman was entitled as a matter of law to develop the .86-acre tract independently of the 25-acre tract. This assertion is contrary to the uniform holdings of this court and of the Supreme Court upon this subject. See Nash v. Shell P. Corp., Tex.Civ.App., 120 S.W.2d 522, error dismissed. There are many situations in which partition of real estate in kind is not practical. This fact is not only recognized, but is expressly taken care of by our statutes which provide, in those instances wherein "a fair and equitable division of the real estate, or any part thereof, can not be made", that the property be sold and the proceeds divided. R.C.S. Art. 6096. If Herman's fractional interest in the 25 acres had been so small that it would have been physically impossible to drill a well upon the tract he would be entitled to have set aside to him, it could hardly be seriously contended that co-tenants would have the right to compel as to him a partition in kind. The .86-acre tract falls squarely within the voluntary subdivision rule repeatedly announced by this court, and in determining the validity of the Commission's order from the viewpoint of the exception to rule 37 "to protect vested rights" the segregation of the .86-acre tract from the 25 acres must be disregarded.

We hold that the order of the Commission must be upheld under the decision in the Century case (Railroad Comm. v. Magnolia P. Co., 130 Tex. 484, 109 S.W.2d 967), as interpreted by this court in the following excerpt from the Lasseter case (Humble, etc., Co. v. Lasseter, 120 S.W.2d 541, 542), and as applied to the facts of this case: "Where, independently of the voluntary segregation, the larger tract, including the segregated tract, is entitled to an additional well in order to protect the vested rights of the owners of such larger tract to recover their fair share of the oil thereunder in place, the permit to drill on the segregated tract will be upheld. And this, although the application be made to drill only upon the voluntarily segregated tract and only by the owners of that tract, and be contested by the owners of the remaining portion of the larger tract."

The only factual variance of this case from the above quotation is that here Herman's co-tenants in the 25 acres made no protest but consented to the drilling of the well; which variance is manifestly unimportant.

Without detailing the testimony, which would serve no useful purpose, we

interpret the evidence as sufficient to support a finding that the excess drainage of the wells to the southwest of the 25-acre tract was not offset by the development on the 25-acre tract sufficiently to protect its owners in their right to a fair share of the recoverable oil in place under that tract; and therefore the owners of the 25 acres were entitled to another well to protect their vested interest in such recoverable oil in place. Under the evidence such well should have been placed in the southwestern portion of the 25 acres and not in the southeastern portion where there was no excess drainage. This exact situation existed in the Century case, and the Commission's order was upheld. In effect that decision holds that where the larger tract is entitled to an additional well to protect vested rights of its owners, the Commission's order is not reviewable by the courts, regardless of the point on the tract at which the Commission may locate the well. See, also, Flanagan case (Railroad Comm. v. Humble, etc., Co., Tex. Civ.App., 123 S.W.2d 423).

There is but one other point requiring notice. The partition agreed judgment set aside to Herman and his assigns the .86-acre tract which is 125 feet wide and 300 feet long. Greer's application was to drill on this tract and the Commission's order granting the permit provided that the well should "be spaced as follows: Midway between north and south lines; 62.5 feet west of the east line." The well as actually drilled was spaced 62.5 feet west of the east line but only 101 feet north of the south line, or 49 feet south of the location granted by the Commission, and that much nearer the south boundary line of the .86-acre abutting on the Magnolia 62 acres. It appears from the record that after the partition decree the parties recognized that Herman's interest in the 25 acres (¼₄) was only .57-acre and not .86-acre; and to rectify this error Herman and his assigns reconveyed to the Margay and its lessors the north 100 feet, thus leaving the Herman tract 125 feet wide by 200 feet long. The well was attempted to be drilled in the center of this smaller tract and was actu-

ally drilled within one foot of that location. The following provision of rule 37 is pertinent to the situation thus created: "No well drilled in violation of this rule without special permit obtained in the manner prescribed in said rule, and no well drilled under such a special permit which does not conform in all respects to the terms of such permit, shall be permitted to produce either oil or gas; and any such well so drilled in violation of said rule or in violation of a permit granted as a special exception to said rule shall be plugged."

The Commission alone had the power to grant the permit and fix the location of the well to be drilled thereunder. The only method by which the location could be changed was by application to the Commission. Drilling 49 feet south of the Commission's location, and that much nearer one of the Magnolia's property lines, cannot be said to constitute substantial compliance with the Commission's order. In fact there was no attempt to comply with it, but a deliberate shifting of the well's location by the owner of the permit, without authority of the Commission. The fact that the Commission is a party to this suit and has made no objection to the actual location of the well has no effect to validate non compliance with its order. The Commission's official acts can not be performed in this manner. In a matter of this sort the Commission can only act after notice and hearing. Rabbit Creek Oil Co. v. Shell, etc., Corp., Tex.Civ.App., 66 S.W.2d 737.

In so far as the trial court's judgment enjoined production from the well as drilled it is affirmed, without prejudice, however, to the rights of Greer and his associates in interest to apply to the Commission for an order changing the location of the well authorized under the permit to that of the actually drilled well. In all other respects the trial court's judgment is reversed and judgment is here rendered for appellants.

Affirmed in part and in part reversed and rendered.