RAILROAD COMMISSION OF TEXAS ET AL V.
GULF PRODUCTION COMPANY.

No. 7481. Decided October 25, 1939.
Rehearing overruled November 29, 1939.
(132 S. W., 2d Series, 254.)

*William McCraw,* former Attorney General, *Chas. D. Rutta,*
and *Harry S. Pollard,* former assistants Attorney General;
*Gerald C. Mann,* Attorney General, *James P. Hart, E. R. Sim-
mons, Edgar Cale* and *Tom D. Rowell,* Assistants Attorney Gen-
eral, for the State, and *Clyde H. Hall* and *Hurst, Leak &
Burke,* of Longview, for Tippett, all plaintiffs in error.

The evidence showing that the plaintiff in error's lease is
not as densely drilled as the leases to the east, north and west
or as the areas eight times the area of plaintiff in error's lease
it cannot be correctly said that he has an equal opportunity
with the adjacent lessees to recover his fair share of the oil
underlying his tract of land. Falvey v. Simms Oil Co., 92 S. W.

(2d) 292; Humble Oil & Ref. Co. v. Railroad Commission, 99 S. W. (2d) 401.

*Joe S. Brown, R. F. Carter* and *John E. Green, Jr.,* all of Houston, and *Stanley Hornsby,* of Austin, for defendant in error.

At the time the permit was granted Tippett with two wells had an advantage over all the adjoining leases, and, under such circumstances, was not entitled to an additional well to increase that advantage, and such exception was not necessary to prevent confiscation of his property. Magnolia Pet. Co. v. New Process Production Co., 104 S. W. (2d) 1106; Railroad Commission v. Magnolia Pet. Co., 109 S. W. (2d) 967.

*J. W. Wheeler* and *Greenwood, Moody & Robertson,* all of Austin, and *Robert E. Hardwicke,* of Ft. Worth, filed briefs as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a Rule 37 case. It appears from the record before us that on May 17, 1935, J. C. Tippett was the owner of an oil and gas lease covering 4.77 acres of land in Gregg County, Texas, on which two producing wells were then located. On the date just mentioned the Railroad Commission granted Tippett a permit to drill a third oil well on the above-mentioned tract, as an exception under Rule 37. The pertinent Commission order expressly states that the permit "should be granted to prevent the confiscation of property." Nothing is said in the order about waste, and no finding whatever was made by the Commission in regard thereto. After the above permit was granted, Gulf Production Company, owner of the abutting lease, filed suit in the District Court of Travis County, Texas, to annul the same, to enjoin the drilling or operation of any well thereunder, and to compel the plugging of any well so drilled. The case was tried in the district court before the court without the intervention of a jury, and judgment entered cancelling and anulling the permit, enjoining the operation of any well thereunder; and it appearing that the well in question had already been drilled at the time of the trial, it was ordered that same should be plugged. Tippett and the Railroad Commission appealed from the district court judgment to the Court of Civil Appeals at Austin. On final hearing in that court, the judgment of the district court was affirmed in an opinion by Associate Justice Baugh, concurred in by Chief Justice Mc-

Clendon, except as to that part of such judgment which ordered the well plugged. That part of the district court judgment was reversed and set aside. 115 S. W. (2d) 505. Associate Justice Blair dissented from that part of the opinion of the majority setting aside the permit and enjoining the drilling or operation of any well thereunder. Tippett and the Railroad Commission each made application for writ of error to this Court, and both applications were granted. It appears that in granting such application we made the notation: "on the dissenting opinion."

This case was submitted and argued at the same time Gulf Land Company v. Atlantic Refining Company, 134 Texas 59, 131 S. W. (2d) 73, was submitted and argued. Many of the law questions here involved were discussed and settled in that opinion, and we will not enter into any further extended discussion of such law questions here.

■ Plaintiffs in error, Tippett and the Railroad Commission, contend that this permit should be sustained as an exception under Rule 37, because there is evidence in the record which would have justified the Commission in granting it to prevent waste. As already shown, the Commission made no finding whatever on the question of waste; on the other hand, the Commission order expressly states that this well permit was granted to prevent the confiscation of property. The evidence deduced on the trial does not show, as a matter of law, that Tippett was entitled to this permit to prevent waste. Under such a record, we overrule the contention under discussion. Gulf Land Co. v. Atlantic Refining Co., supra.

■ We have carefully examined the opinion of the Court of Civil Appeals touching the question as to whether or not this permit can be sustained to prevent the confiscation of property. Also, we have carefully examined the record touching such question. In our judgment, the opinion of the Court of Civil Appeals correctly reflects the facts shown by the record regarding the issue of confiscation, and correctly and conclusively demonstrates that the Commission's act in granting this permit was, as a matter of law, in violation of its own rule.

In the Gulf Land Company case, supra, we held that the term "confiscation," as used in Rule 37, refers principally to drainage. We also held that every owner or lessee is entitled to a fair chance to recover the oil or gas in or under his land, or their equivalents in kind, and that any denial of such fair

chance would be confiscation. We still adhere to such holdings. We think it would follow from the above rule that when an owner or a lessee has been given a fair chance to recover his oil and gas, as above defined, he has received his legal rights in regard thereto. We think the opinion of the Court of Civil Appeals demonstrates that the facts of this record show, as a matter of law, that the two wells Tippett already has on this tract of land will protect him against confiscation,—that is, will insure him a fair chance to recover the oil and gas in and under his land, or their equivalents in kind. We think the opinion of the Court of Civil Appeals further demonstrates that the facts of this record show, as a matter of law, that a third well on this tract would enable Tippett to recover more than his fair share of oil and gas in or under his land, or their equivalents in kind. Under such a record, the granting of this permit to prevent confiscation was an abuse of power on the part of the Commission, and therefore unlawful.

■ We think the Court of Civil Appeals was correct in reversing and setting aside that part of the judgment of the district court which ordered this well plugged. The district court very correctly enjoined production from this well, but the power or jurisdiction to decide whether or not it should be plugged is an administrative matter which rests, in the first instance, in the Railroad Commission. Subdivision 2, Sec. 6, Art. 6008, Vernon's Texas Statutes, 1936.

■■ The statute just cited clothes the Commission with power: "To require dry or abandoned wells to be plugged in such way as to confine natural gas, and water in the strata in which they are found and to prevent them from escaping into other strata." In our opinion, this is an "abandoned well" within the meaning of this statute, so as to give the Commission jurisdiction to determine whether or not it should be plugged. Whatever order the Commission sees fit to make in regard to such plugging is entitled to the same weight and finality as an order granting or refusing a permit to drill a well.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 25, 1939.

Rehearing overruled November 29, 1939.