## RAILROAD COMMISSION et al. v. SHELL OIL CO., Inc.

### No. 9220.

Court of Civil Appeals of Texas. Austin.

Oct. 7, 1942.

Rehearing Denied Oct. 28, 1942.

504

Wheeler & Wheeler and Joe Wheeler, all of Austin, for appellants.

R. H. Whilden, of Houston, and Dan Moody and J. B. Robertson, both of Austin, for appellee.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is from a judgment cancelling a permit to drill two additional wells (Louise Carr—G. W. Richey wells Nos. 2 and 3) on the Louise Carr 6.07 a. tract (a voluntary subdivision of a 20-acre tract), in the East Texas Oil Field; and enjoining production thereunder. The injunction, however, was without prejudice to the Commission to consider another permit upon a proper basis and requisite notice. The permittees, Louise and A. P. Carr, and the Commission have appealed, but only the former have filed briefs in this court.

While the Carrs contend that the 6.07 a. tract does not constitute a voluntary segregation in derogation of Rule 37, the uncontradicted evidence shows it to be such, since it was the result of a voluntary partition of the lease on the 20 a. tract by joint owners (partners). Moreover, it was adjudicated to be such a voluntary segregation in Richey v. Shell Petroleum Corp., Tex.Civ.App., 128 S.W.2d 898, error dismissed, to which suit the Carrs were parties. We refer to the opinion in that case. The map at page 900 of 128 S.W.2d shows the location of the 6.07 a. tract with relation to the 20 a. tract and other adjacent tracts.

It was admitted (as the uncontradicted evidence showed) that the permit was applied for, notice to adjoining lessees given, and the application considered and granted with reference only to the 6.07 a. tract considered alone as a separate tract and not as a part of the 20 a. tract, and as an exception to Rule 37 only to prevent confiscation (waste not being involved). The trial court therefore properly excluded evidence as to the needs of that tract considered alone for additional protective wells,

and properly cancelled the permit. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Shell Petroleum Corp. v. Railroad Comm., Tex.Civ.App., 133 S.W. 2d 194, error refused; Humble Oil & Refining Co. v. Potter, Tex.Civ.App., 143 S.W.2d 135; Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 143 S.W.2d 138, error refused; Railroad Comm. v. Miller, Tex.Civ. App., 165 S.W.2d 504.

The Carrs further contend that the Shell (Shell Oil Corporation, Incorporated, plaintiff below and appellee here) had no justiciable interest in the controversy since it was not shown that the two wells would actually drain any oil from its lease. The Shell lease abutted the 6.07 a. tract on the west, and Shell was a party to the proceeding before the Commission. Under repeated decisions it was an interested party, within our conservation statutes (Vernon's Ann.Civ.St. art. 6049c) and rules of the Commission, and was entitled to maintain the suit. Empire Gas & Fuel Co. v. Railroad Comm., Tex.Civ.App., 94 S.W.2d 1240, error refused; Railroad Comm. v. Gulf Production Co., Tex.Civ.App., 115 S.W.2d 505, affirmed 134 Tex. 122, 132 S.W.2d 254; Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 123 S.W.2d 911 error dismissed.

The trial court's judgment is affirmed.

Affirmed.