**YORK et al. v. GULF OIL CORPORATION.**

No. 9223.

Court of Civil Appeals of Texas. Austin.

Oct. 7, 1942.

Rehearing Denied Oct. 21, 1942.

Clower, Bezoni & Wilson, of Tyler, for appellants other than Railroad Commission of Texas.

Gerald C. Mann, Atty. Gen., and Tom D. Rowell, Jr., Asst. Atty. Gen., for Railroad Commission of Texas.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin, for appellee.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is from a final judgment cancelling a permit to drill a second well upon a 2.64-acre tract in the East Texas Oil Field; and enjoining production thereunder. The case was before us in 1939 in an appeal from an interlocutory order denying a temporary injunction. That order was reversed and the sought temporary injunction granted by this court. Gulf Oil Corp. v. York, Tex.Civ.App., 134 S.W. 2d 502, error dismissed, judgment correct.

The permit was applied for and granted as an exception to Rule 37 to prevent confiscation of property only, and the issue of waste was not involved. See Railroad Comm. v. Shell Oil Co., 165 S.W.2d 503 for authorities on this point.

In the trial upon the merits the complete transcript of the record (including the testimony of witnesses) before the Commission was introduced without limitation and without objection, which showed the condition existing at the time the permit was granted. As held in our former opinion [134 S.W.2d 505], to which we refer:

"We not only fail to discover any evidence which would give substantial support to a finding that well No. 2 was necessary to prevent confiscation, but find, on the contrary, that the evidence conclusively shows that well No. 1 (even at its proper location) is amply sufficient to protect the vested rights of applicants in securing to them the recoverable oil in place under their land, or its equivalent, which is the full measure of their vested interest. While the evidence shows there was some excess drainage from wells to the south of the lease, it shows conclusively that this excess was more than compensated for by excess drainage of well No. 1 from tracts to the west, north, east, and southeast. If well No. 1 had been drilled at the granted location, 57 feet farther south, the excess drainage from the south would probably have been overcome entirely."

The only point which appellants make is that the right to the permit should be tested by conditions that existed at the time of the trial in the court below and not at the time the permit was granted; as to which condition (at the time of the trial) there was no evidence. Consequently, it is urged, there was no evidence to support the judgment in the face of the presumed validity of the permit; and the case should be remanded for another trial. In support of this point the recent case of Cook Drilling Co. v. Gulf Oil Corp., Tex.Sup., 161 S. W.2d 1035, is cited. The Cook case does not so hold; but, to the contrary holds (as has been repeatedly and uniformly held in other cases) that the permit depends for its validity upon conditions existing at the time

the Commission makes the order granting it. Manifestly the Commission could not exercise its jurisdiction to grant a permit based on conditions that did not then exist. A subsequent permit might be upheld upon a showing of changed conditions occurring after the prior order was made which would warrant the subsequent permit.

The trial court's judgment is affirmed.

Affirmed.