**WRATHER PETROLEUM CORPORATION v. RAILROAD COMMISSION et al.**

No. 9860.

Court of Civil Appeals of Texas. Austin.

May 3, 1950.

Rehearing Denied May 24, 1950.

 

Well No. 2 was drilled on the Florence tract under a Commission permit granted, without protest, on January 25, 1938. The well was completed as a producer about November 3, 1938.

On May 21, 1941, appellant's predecessor in title of its own volition made an application to the Railroad Commission for authority to plug this well, reciting that it was not then producing oil or gas.

This application was received in the Kilgore office of the Railroad Commission on May 22, 1941, where it was endorsed, "OK, 18 Sacks Cement." A copy was forwarded to Austin and received by the Commission on May 24, 1941. Under date of June 2, 1941, appellant's predecessor submitted a "Plugged Record" to the Kilgore office of the Railroad Commission, which record was filed the same day, a copy reaching the Commission at Austin, on June 3, 1941. Such "Plugging Record" recited, under oath, that well No. 2, J. T. Florence, was plugged on May 22, 1941, at which time it was producing no oil or gas; that the well was filled with mud-laden fluid, according to regulations of the Railroad Commission, and that 22 sacks of cement were used in plugging.

The trial court found that the well was plugged in this manner:

"* * * First, all oil was removed from the pipe and then the tubing was removed. Thereafter, 22 sacks of cement were forced into the bottom of the well and fused into the oil sand itself immediately below the casing so that said cement was forced out into the producing sand below the bottom of the casing and up inside said casing for a considerable distance.

"A charge of high explosives was lowered to a depth in said well calculated to result in salvaging as much pipe as possible and set off with such force that the casing was broken or shattered in two. All of said salvageable casing was then pulled out of the hole. The surface casing, which is larger in diameter by some 2 or 3 inches than the casing, extends from the surface below some one hundred feet, and because such pipe had been set in cement in such manner as to solidly incase

Ghent Sanderford and J. W. Wheeler, Austin, for appellant.

Price Daniel, Attorney General of Texas, and Charles E. Crenshaw, Assistant Attorney General, for Railroad Commission.

Rex G. Baker, Nelson Jones, W. J. Merrill, Houston, and J. A. Rauhut, Austin, for Humble Oil & Refining Co.

HUGHES, Justice.

Wrather Petroleum Corporation has appealed from an order of the Railroad Commission of Texas, sustained by the trial court, denying it permission to redrill and rework well No. 2 located on its .49-acre lease out of the J. T. Florence tract in the Mary Van Winkle Survey in Gregg County.

In connection with this appeal appellant also prays for a declaratory judgment adjudicating the present validity of the original Railroad Commission permit authorizing the drilling of such well.

Humble Oil and Refining Company intervened and is aligned with the Railroad Commission.

The trial was nonjury and the lower court filed findings of fact and conclusions of law.

said pipe from the surface to the bottom edge of said pipe completely around the outside, it was almost physically impossible to remove said surface pipe. As a consequence * * * the surface opening was then plugged and has remained so ever since. Prior to plugging said well, there existed over said well a derrick which was set in four concrete blocks spaced in such way as to constitute a square upon which the legs of said derrick were firmly entrenched. However, after said plugging, the derrick was removed and used elsewhere; the four concrete foundation blocks were left and they have remained at the same place ever since."

The result of this was, as found by the trial court, that: " * * * In said plugging procedure the well was put in such condition that it is not reasonably feasible or practical to restore the original well bore to commercial oil production."

Appellant's position is that it is entitled, as a matter of law, to rework and redrill well No. 2 subject only to the right of the Commission to supervise such operations and to prescribe the amount of deviation from vertical it might use in redrilling.

We are not in accord with this view.

Article 6005, Vernon's Ann.Civ.St., prescribes the procedure to be followed in plugging an oil or gas well when its owner or operator is " * * * about to abandon or cease operating the same * * *."

■ In the enforcement of this statute and other oil and gas conservation laws of this State the Railroad Commission has prescribed certain forms and adopted certain practices with reference to plugging an oil or gas well which no longer produces. The required procedure was fully complied with in this case, the effect of which is that upon proper application the Commission has, by order, plugged well No. 2 and had it stricken from the list of producing wells. The validity of this order is not questioned by appellant, nor could it be since the order was made on the application of those under whom appellant claims.

■ It has been held that whatever order the Commission makes in regard to plugging a well "is entitled to the same weight and finality as an order granting or refusing a permit to drill a well." Railroad Commission of Texas v. Gulf Production Co., 134 Tex. 122, 132 S.W.2d 254, 256.

■ This does not necessarily mean that a plugged well cannot be opened and put back in production. That this may be done upon proper application to the Commission and upon proper evidence was held by us in Humble Oil and Refining Co. v. Cook, Tex.Civ.App., 215 S.W.2d 383 (Writ Ref.N.R.E.). Until this is done, however, the order plugging the well is in full force and effect and appellant has no right, as a matter of law, to unplug or redrill such well.

Appellant makes no point that the order of the Commission is not reasonably supported by substantial evidence and we, therefore, do not discuss the evidence.

Other points made by appellant which complain of the exclusion of certain evidence become immaterial, in view of the above holding.

The judgment of the trial court is affirmed.

Affirmed.